COMMERCE & INDUSTRY
INSURANCE COMPANY,
Appellant,

v.

Kimberly FERGUSON–STEWART,
Beneficiary to Bruce Stewart,
Deceased, Appellee.

No. 01–10–00271–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 2011.

Dana M. Gannon, Robert D. Stokes, Flahive, Ogden & Latson, Austin, for Appellant.

Kimberly Goodling, Michael P. Doyle, Doyle Raizner LLP, Peter M. Kelly, Law Office of Peter M. Kelly, P.C., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

This appeal arises from a worker's compensation case involving an injury to Bruce Stewart, deceased. After trial, the trial court entered judgment on the jury findings supporting the workers' compensation award and also awarded attorneys' fees in favor of Kimberly Ferguson–Stewart, Stewart's beneficiary. On appeal, CIIC challenges the trial court's exclusion of evidence showing Stewart's history of prescription pain medication use. CIIC also claims, based on *Transcontinental Insurance Co. v. Crump*, 330 S.W.3d 211 (Tex. 2010), that Stewart waived her right to recover the fees by trying the reasonableness and necessity of those fees to the bench rather than the jury. We hold that the trial court did not abuse its discretion in excluding certain evidence of Stewart's prescription drug use. We further hold that, under *Crump*, CIIC was entitled to have jury findings on the attorneys' fees issues. We therefore reverse the attorneys' fee award in light of the change in

law occasioned by *Crump* and remand that issue to the trial court for a jury trial.

## Background

On May 25, 2004, Stewart reported an on-the-job injury in which he sustained injuries when a large bolt fell from above, striking him on the neck and shoulder. No one witnessed the accident. Stewart went to the emergency room, where he received medical treatment and a prescription for pain medication. Stewart attempted to return to work, but the medication's side effects made him unable to do so.

After exhausting its administrative remedies, CIIC sought judicial review of the findings that Bruce Stewart (1) sustained an injury in the course and scope of employment on May 25, 2004, and (2) sustained disability from June 2, 2004 through September 21, 2004.[1] The jury returned a verdict against CIIC, and the trial court entered judgment on the verdict. The trial court also entered an order granting Ferguson–Stewart's motion for approval of attorneys' fees, finding that the fees she incurred were reasonable and necessary.

## Discussion

### I. Workers' Compensation Act Appeals

The Texas Supreme Court has held that a Texas Workers' Compensation Commission (TWCC) Appeals Panel's final decision may be appealed to the courts under a "modified de novo review." *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 530 (Tex.1995). Under this modified de novo review, all issues regarding compensability of the injury may be tried by the jury or court. *Id.* at 528; *see* TEX. LAB.CODE ANN. §§ 410.301, .304 (Vernon 2006). The court, although informed

of the TWCC's decision, is not required to accord it any particular weight. *Garcia*, 893 S.W.2d at 515. The fact finder does not review the Appeals Panel's decision for "reasonableness," but rather independently decides the issues by a preponderance of the evidence. *Id.* at 531. The party appealing the TWCC's ruling bears the burden of proof by a preponderance of the evidence. TEX. LAB.CODE ANN. § 410.303 (West 2006).

### II. Evidentiary challenge

■ CIIC claims error in the trial court's exclusion of:

- Medical records in which doctors described how Bruce Stewart engaged in drug-seeking behavior in connection with a prior work-related injury;
- Pharmacy records demonstrating that between 2001 and 2004, Bruce Stewart received prescriptions from four different physicians for, among other drugs, hydrocodone'
- The DWC's unredacted order granting benefits in this case, which recites that Bruce Stewart's death resulted from hydrocodone toxicity; and
- Testimony from Bruce Stewart's treating physician that Stewart's ingestion of hydrocodone in excess of the prescribed amount did not comply with his treatment plan.

We review a trial court's decision to exclude testimony under an abuse of discretion standard. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 798 (Tex.App.-Houston [1st

---

1. Stewart died after the period of disability, but before the administrative proceedings had

concluded.

Dist.] 2004, no pet.). We must uphold an evidentiary ruling if there is any legitimate basis for it. *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). Even if the trial court erred in its evidentiary ruling, we reverse only if the error probably caused the rendition of an improper judgment. *Auld,* 34 S.W.3d at 906; *see* Tex.R.App. P. 81(b)(1).

The record shows that CIIC, invoking Texas Rule of Evidence 402, sought to admit this evidence on general relevance grounds and for purposes of impeachment. *See* Tex.R. Evid. 402. Ferguson–Stewart objected to its admission on the grounds that the evidence was irrelevant or would have an unfairly prejudicial effect that would substantially outweigh any probative value. Tex.R. Evid. 401, 403.

The workers' compensation statute makes employees ineligible for benefits if they are intoxicated—by ingesting alcohol or other drugs—at the time of the injury. Tex. Lab.Code Ann. § 406.032(a)(1) (West 2006) (providing that "[a]n insurance carrier is not liable for compensation if the injury occurred while the employee was in a state of intoxication."); *see Tex. Mut. Ins. Co. v. Havard,* No. 01–07–00268–CV, 2008 WL 598347 (Tex.App.-Houston [1st Dist.] Mar. 6, 2008, no pet.) (mem. op.). CIIC did not raise intoxication as a defense in the administrative proceeding. When CIIC proffered the evidence to the trial court, Ferguson–Stewart responded that Bruce Stewart

> may have failed a past drug screen, but the fact is when he went back to work there, he passed the drug screen to start working, and then after the accident he passed another one. So the fact that he

ever failed one before wouldn't be relevant.

CIIC contends that the proffered evidence is relevant for the purposes of impeachment because it identifies a possible motive for Bruce Stewart to falsify or fabricate a worker's compensation claim. Texas courts have consistently upheld the exclusion of evidence of a witness's prior drug use for general impeachment purposes. *See* Tex.R. Evid. 608(b) (prohibiting use of "specific instances of conduct of a witness, for the purpose of attacking or supporting the witness'[s] credibility, other than conviction of crime . . ."); *Lagrone v. State,* 942 S.W.2d 602, 612 (Tex. Crim.App.1997) (noting that, in adopting Rule 608(b), Texas courts "implicitly abolished the impeachment of witnesses with evidence of drug addiction"). Any connection between Bruce Stewart's use of prescription pain medication and his worker's compensation claim rests on speculation.[2] The record thus supports the trial court's exercise of discretion in excluding the evidence on the grounds that the danger of unfair prejudice substantially outweighed the evidence's probative value. Tex.R. Evid. 403.

### III. Attorneys' fees

Under section 408.221(c) of the Labor Code, an insurance carrier that seeks judicial review of an appeals panel decision is liable for a claimant's reasonable and necessary attorneys' fees as a result of the appeal if the claimant prevails on an issue on which the carrier seeks judicial review. *See* Tex. Lab.Code Ann. § 408.221(c) (West 2006). In her answer, Ferguson–Stewart pleaded for reasonable and necessary at-

---

2. In particular, CIIC points to evidence that Stewart expressed his intent to ask for prescription pain medication to replace over-the-counter ibuprofen recommended by the doctor if he "start[ed] hurting" and called for the prescription two hours later. This evidence equally supports an inference that Stewart needed stronger medication to combat his pain. *See Lozano v. Lozano,* 52 S.W.3d 141, 148 (Tex.2001). The trial court was within its discretion to exclude this evidence, given the issues the jury was to decide.

torneys' fees and expenses "[u]nder Chapter 408, Subchapter L, § 408.221(c) of the Texas Labor Code."

We first address CIIC's contention that Ferguson–Stewart failed to plead for attorneys' fees. In Texas, a pleading must give fair and adequate notice to the opposing party sufficient to prepare a defense. *Hagberg v. City of Pasadena*, 224 S.W.3d 477, 482 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Where the opposing party fails to use special exceptions to identify alleged defects in a pleading, we construe the pleadings liberally in favor of the pleader. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

CIIC asserts that, by identifying some of her named attorneys in her fee request but not others, Ferguson–Stewart limited her recovery to the fees she incurred in connection with the named attorneys' representation only. The pleading, however, contains no such exclusive language, and CIIC did not specially except to Ferguson–Stewart's pleadings on that ground. We hold that Ferguson–Stewart's pleading gave CIIC fair and adequate notice of her intent to seek recovery of all reasonable and necessary attorneys' fees she incurred in her defense.

In its main contention on this issue, CIIC claims that Ferguson–Stewart waived her right to recover attorneys' fees because she failed to secure jury findings on the reasonableness and necessity of the fees, instead submitting the fee request to the trial court in a post-trial motion. CIIC relies on *Transcontinental Insurance Co. v. Crump*, decided after the conclusion of trial in this case, in which the Texas Su-

preme Court held that "an insurance carrier is entitled to have a jury determine the disputed amount of reasonable and necessary fees for which it is liable under 408.221(c)." 330 S.W.3d 211, 232 (Tex. 2010).

We agree that, in light of *Crump*, CIIC was entitled to jury findings on fees. Thus, we hold that the attorneys' fees award must be reversed. CIIC states that we must go further—and render judgment in its favor upon our reversal—because Ferguson–Stewart waived her claim for fees by failing to secure jury findings in its support. We disagree. The trial court's order recites that it held a hearing on the reasonableness and necessity of Ferguson–Stewart's attorneys' fees, and the trial court found that the fees incurred were reasonable and necessary.[3] Ferguson–Stewart pursued her claim for fees and obtained findings, albeit from the incorrect factfinder. When a party produces some evidence of fees, and the trial court errs in determining them, remand is appropriate. *Cf. Tony Gullo Motors v. Chapa*, 212 S.W.3d 299, 314–15 (Tex.2006) (holding that plaintiff did not waive her request for attorney's fees by failing to segregate recoverable fees from unrecoverable ones and remanding for new trial on issue); *Lubbock Cnty. v. Strube*, 953 S.W.2d 847, 858 (Tex.App.-Austin 1997, pet. denied) (remanding for new trial on attorney's fees issue).

Remand for a jury trial is appropriate when a trial court improperly fails to heed the request for a jury. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex.1997) (instructing trial court to conduct jury trial where trial court refused to empanel a jury). The remedy here is not

---

**3.** The reporter's record does not include this hearing, and CIIC does not challenge the legal sufficiency of the evidence before the trial court on the reasonableness and necessity of Ferguson–Stewart's attorneys' fees. We presume the evidence presented at the hearing supports the trial court's ruling. *See* Tex. R.App. P. 34.6(c); *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

a judgment on the merits, but instead a trial before the appropriate fact finder. Unlike most fee-shifting statutes, which allow, but do not require, a prevailing party to recover attorneys' fees, the provision applicable to this proceeding makes the insurer liable for the claimant's fees when the insurer seeks judicial review of compensability or eligibility issues and the claimant prevails. *Compare* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (providing that "a person *may* recover reasonable attorneys' fees from an individual or corporation ...") *with* TEX. LAB.CODE ANN. § 408.221(c) (providing that "an insurance carrier that seeks judicial review ... of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits *is liable* for reasonable and necessary attorney's fees ... incurred by the claimant ... if the claimant prevails on an issue on which judicial review is sought by the insurance carrier") (emphasis added). The supreme court's analysis in *Crump* shows that its conclusion was not an obvious one. As the court observed, section 408.221 not only "is silent on the critical judge-or-jury question," but is also ambiguous, reasonably supporting conflicting conclusions on the issue. *Id.* at 229. The court also noted that, before the fee-shifting provision was added in 2001, the trial court, "without the aid of a jury," determined the amount of fees that a claimant's attorney could recover. *Id.* at 229–30. We reverse the award of attorneys' fees contained in the judgment and remand the issue of attorneys' fees for jury trial.

## Conclusion

We hold that the trial court did not abuse its discretion in excluding the evidence of Bruce Stewart's history of prescription drug use. Following *Crump*, we also reverse the award of attorneys' fees contained in the judgment and remand the issue of Ferguson–Stewart's attorneys' fees for trial. We affirm the remainder of the judgment.