02-10-357-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-10-00357-CV

 

 


 
 
 SANTHAMMA GEORGE
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 DALLAS COUNTY HOSPITAL DISTRICT
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION[1]

------------

I.  Introduction

          Appellant Santhamma George appeals the trial
court’s judgment affirming the Texas Department of Insurance Division of
Workers’ Compensation (DWC) Appeals Panel decision in favor of Appellee Dallas
County Hospital District (DCHD), her former employer.  We dismiss the appeal
for want of jurisdiction.

II.  Factual and Procedural Background

          George filed a petition for judicial review
of the appeals panel decision in November 2009.  DCHD filed a motion to dismiss
for want of jurisdiction, which the trial court denied in April 2010, and then
a traditional and no-evidence motion for summary judgment.  George filed a
response, and DCHD filed objections to her summary judgment evidence.[2]

The trial court granted summary judgment for DCHD on
June 10, 2010.  In its order, entitled “FINAL SUMMARY JUDGMENT,” the court
stated:

On
this the 10th day of June, 2010, the Court heard the Motion for Summary
Judgment filed in this cause by Defendant, DALLAS COUNTY HOSPITAL DISTRICT.  All
parties appeared by and through their respective counsel.  The Court, after
examining the pleading[s] and the summary judgment evidence and hearing the
arguments of counsel, is of the opinion and finds that Dallas County Hospital
District is entitled to summary judgment based on its defense of status [sic]
of limitations, and as follows:

 

IT
IS HEREFORE, ORDER[ED], ADJUDGED, AND DECREED that Defendant’s Motion for
Summary Judgment be Granted, and that Plaintiff, Santhamma George, take nothing
against Defendant Dallas County Hospital District.

 

Included in the record is a letter from the Denton
County Deputy Clerk dated June 11, 2010, that is addressed to DCHD’s counsel
and that states, “In accordance with the provisions of Rule 306(a)(3) and/or
Rule 239(a) of the Texas Rules of Civil Procedure, you are hereby notified an
order disposing of the case or an appealable order was signed by the Judge of
the 362nd Judicial District Court on June 10, 2010.”  In the blank space next
to “Final, Default, Summary Judgment or Other Appealable Order” is an “X.”  The
docket summary includes a notation dated June 10, 2010:  “Final
Order/Judgment/Decree (closes entire case) (Judicial Officer: McFarling, Bruce)
Final Summary Judgement [sic] for Parties:  Plaintiff George, Santhamma;
Defendant Dallas County Hospital District.”  It also includes a notation dated
June 11, 2010:  “Notice of Judgment/Appealable order sent to:  Party:  Attorney
DONOVAN, MICHAEL J. [for DCHD]; Attorney  MCLEAISH, DONALD C. [for George.]”[3]

          On July 21, 2010—forty-one days after the
trial court granted the summary judgment disposing of George’s claim—DCHD filed
a motion for approval of attorneys’ fees.  This was DCHD’s first mention of
attorneys’ fees in any of its filings.  DCHD filed a motion for entry of final
judgment two days later.  George filed a motion for new trial on August 31,
2010, and DCHD filed an amended motion for approval of attorneys’ fees on
September 7, 2010.  The trial court entered an order on DCHD’s attorneys’ fees
on September 9, 2010, and on the same day, the trial court also entered an
order, entitled “FINAL JUDGMENT,” which stated:

This
matter came on for hearing on the Motion for Summary Judgment by Defendant,
Dallas County Hospital District, and each party appeared through counsel of
record.  Having considered the evidence and argument presented, as well as the
final decision of the Texas Department of Insurance, Division of Workers’
Compensation Appeals Panel in Decision Number 09112712, Docket Number
09112712-01-A1, as required by Tex. Lab. Code section 410.304, the Court
entered Summary Judgment in favor of Defendant, Dallas County Hospital District
on all issues presented.

 

The
Court finds and enters judgment confirming the final decision of the Texas
Department of Insurance, Division of Workers’ Compensation Appeals Panel in
Decision Number 09112712, Docket Number 09112712-01-A1 on the issues presented
by the Plaintiff in her action, specifically the issues of extent of injury and
disability.

 

The
Court hereby enters final judgment as set forth that Defendant Dallas County
Hospital District is not liable for benefits as provided by this Final Judgment
and otherwise set forth by law to Plaintiff Santhamma George.

 

This
final judgment fully and finally disposes of all parties and all claims and is
an appealable final judgment.  The Court denies all other relief not previously
granted, with the exception of Defendant’s attorney fees, which was considered
under separate order.  [Emphasis added.]

 

The trial court denied George’s motion for new trial
on October 8, 2010.  George filed her notice of appeal on October 12, 2010.

III.  Jurisdiction

          On June 21, 2011, this court sent a letter
to the parties stating our concern that we may not have jurisdiction over this
appeal because the trial court’s June 10, 2010 summary judgment appeared to
have disposed of all parties and issues in the case, which would result in the
trial court’s loss of plenary power on July 12, 2010.  See Tex. R. App.
P. 25.1, 26.1; Tex. R. Civ. P. 329b.  We informed the parties that if the
summary judgment was a final, appealable judgment, then the motion for new
trial was due July 12, 2010, but nothing was filed in this case by that date,
making George’s notice of appeal untimely.  See Tex. R. App. P. 26.1. 
We stated that unless any party desiring to continue the appeal filed with the
court, on or before Friday, July 1, 2011, a response showing grounds for
continuing the appeal, the appeal may be dismissed for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 44.3.

George
filed her response on June 29, 2011, and her reply to DCHD’s response on July
18, 2011.  In both, she contends that the trial court’s summary judgment could
not have been a final judgment.  In her response, she refers us to labor code
section 410.305(a), which states that to the
extent the subchapter on judicial review of issues regarding compensability or
income or death benefits conflicts with the rules of civil procedure or any
other rules adopted by the supreme court, “this subchapter controls.”  See
Tex. Lab. Code Ann. § 410.305(a) (West 2006).  She then directs us to
labor code section 410.258, which states:

(a) The
party who initiated a proceeding under this subchapter or Subchapter G must
file any proposed judgment or settlement made by the parties to the proceeding,
including a proposed default judgment, with the division not later than the
30th day before the date on which the court is scheduled to enter the judgment
or approve the settlement.  The proposed judgment or settlement must be mailed
to the division by certified mail, return receipt requested.

 

(b) The
division may intervene in a proceeding under Subsection (a) not later than the
30th day after the date of receipt of the proposed judgment or settlement.

 

(c) The
commissioner shall review the proposed judgment or settlement to determine
compliance with all appropriate provisions of the law.  If the commissioner
determines that the proposal is not in compliance with the law, the division
may intervene as a matter of right in the proceeding not later than the 30th
day after the date of receipt of the proposed judgment or settlement.  The
court may limit the extent of the division’s intervention to providing the
information described by Subsection (e).

 

(d) If the
division does not intervene before the 31st day after the date of receipt of
the proposed judgment or settlement, the court shall enter the judgment or
approve the settlement if the court determines that the proposed judgment or
settlement is in compliance with all appropriate provisions of the law.

 

(e) If the
division intervenes in the proceeding, the commissioner shall inform the court
of each reason the commissioner believes the proposed judgment or settlement is
not in compliance with the law.  The court shall give full consideration to the
information provided by the commissioner before entering a judgment or
approving a settlement.

 

(f) A
judgment entered or settlement approved without complying with the requirements
of this section is void.

 

Id. § 410.258 (West 2006) (emphasis added).

Based
on subsections (a), (b), and (f) of section 410.258, George argues that the
trial court’s June 10, 2010 summary judgment “could not be a final judgment
because no notice had been provided to the Division of Workers’ Compensation”
as required by section 410.258, that “[f]ollowing compliance with the notice
provisions of the Labor Code, a motion for entry of final judgment was filed
July 23, 2010 and the Final Judgment was signed September 9, 2010,” and that
her motion for new trial was filed August 31, 2010, making her October 8, 2010
notice of appeal timely.

This
court has previously held that “section 410.258 applies only to judgments
resulting from defaults or parties’ agreements or settlements.”  Clewis v.
Safeco Ins. Co. of Am., 287 S.W.3d 197, 202 (Tex. App.—Fort Worth 2009, no
pet.) (concluding that the language contained in section 410.258(a)—applying the
section to “any proposed judgment or settlement made by the parties to the
proceeding, including a proposed default judgment”—expressed the legislature’s
intention that the division receive notice of judgments made without judicial
oversight or without fully adversarial proceedings).  The summary judgment proceedings
here were made with judicial oversight and were adversarial.  Therefore,
section 410.258 does not apply.[4]

With
regard to the status of the summary judgment in this case, the supreme court
has stated that

an order or
judgment is not final for purposes of appeal unless it actually disposes of
every pending claim and party or unless it clearly and unequivocally states
that it finally disposes of all claims and all parties. . . .  Language
that the plaintiff take nothing by his claims in the case, or that the case is
dismissed, shows finality if there are no other claims by other parties; but
language that “plaintiff take nothing by his claims against X” when there is
more than one defendant or other parties in the case does not indicate
finality.

. . . Thus, in the
example just given, if the record reveals that there is only one plaintiff and
only one defendant, X, the order is final, but if the record reveals the
existence of parties or claims not mentioned in the order, the order is not
final.

Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205–06 (Tex.
2001) (emphasis added).  Here, in its June 10, 2010 summary judgment, the trial
court granted DCHD’s motion for summary judgment and expressly ordered that
George “take nothing against” DCHD.  George and DCHD were the only parties in
this case, DCHD filed no counterclaims against George, and DCHD did not request
attorneys’ fees until forty-one days after the
trial court granted the summary judgment disposing of George’s claim.  Cf.
McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (stating that summary
judgment was not an appealable judgment because it did not appear final on its
face and because it did not dispose of the defendants’ claim for attorneys’
fees).  See generally In re A.S.G., Nos. 04-09-00806-CV, 04-10-00090-CV,
2011 WL 227946, at *3–4 (Tex. App.—San Antonio Jan. 26, 2011, no pet.)
(discussing trial court’s lack of jurisdiction to modify order to add award of
attorneys’ fees after the expiration of plenary power).  Additionally, the
trial court’s September 9, 2010 purported final judgment expressly acknowledges
that the trial court entered summary judgment “in favor of Defendant, Dallas
County Hospital District on all issues presented.”

We
conclude that the June 10, 2010 summary judgment was the final, appealable
order in this case and that the trial court lost plenary power thirty days
after entering it.  See Lehman, 39 S.W.3d at 205–06; A.S.G., 2011
WL 227946, at *3–4.  Because the summary judgment was the final, appealable
order in this case, George’s motion for new trial, and by extension, her notice
of appeal, was untimely, leaving this court without jurisdiction over this
appeal.[5]
 See Tex. R. App. P. 25.1, 26.1.  We dismiss this appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

IV. 
Conclusion

          Having
determined that we lack jurisdiction over this appeal, we dismiss the appeal
for want of jurisdiction.

 

 

BOB MCCOY

JUSTICE

 

PANEL:  WALKER, MCCOY, and GABRIEL,
JJ.

 

DELIVERED:  August 11, 2011









[1]See
Tex. R. App. P. 47.4.





[2]George
attached—among other things—a copy of the “Register of Actions” in the case
filed by DCHD for judicial review of the same appeals panel decision, which
DCHD filed five days before George filed this case.





[3]These
attorneys continue to represent their respective clients in this appeal.





[4]DCHD’s
response to our jurisdiction letter echoes our conclusion here.





[5]In
her reply, George argues that “[t]he fact that the trial court and parties did
not consider the order a final judgment is shown by the record which discloses
continued proceedings in the case,” including notice to DWC under section
410.258(a) and two motions for attorneys’ fees filed by DCHD “as required under
Sec. 408.222.”  However, the record does not reflect that George sent notice to
DWC, and both motions for attorneys’ fees were filed more than thirty days after
the trial court granted summary judgment.  Further, although George argues that
DWC’s statutory right to intervene under section 410.258 “extended the plenary
power of the trial court,” even assuming that section 410.258 applied here,
George has cited no authority to support her extension-of-plenary-power
argument, nor have we found any.  See Tex. R. App. P. 38.1(i).

George also argues that
labor code section 408.222 requires the trial court to approve attorneys’ fees
for the carrier’s defense attorney, giving the trial court continuing
jurisdiction.  However, while section 408.222 requires approval by DWC or the
court of the amount of attorneys’ fees for defending an insurance
carrier in a worker’s compensation action, nothing in the statute appears to
exempt the insurance carrier from having to request attorneys’ fees
before the trial court’s plenary power expires.  Cf. Commerce & Indus.
Ins. Co. v. Ferguson-Stewart, 339 S.W.3d 744, 747–48 (Tex. App.—Houston
[1st Dist.] 2011, no pet.) (noting that under section 408.221—the provision
applicable to claimants—claimant pleaded for reasonable and necessary
attorneys’ fees and expenses under section 408.221 in her answer); Hagberg
v. City of Pasadena, 224 S.W.3d 477, 482–83 (Tex. App.—Houston [1st Dist.]
2007, no pet.) (stating same and noting that claimant’s request for attorneys’
fees in his answer remained a pending claim after the city filed a motion for
nonsuit).  And unlike section 408.222, section 408.221(c) makes clear that fees
for prevailing claimants are mandatory.  See Tex. Lab. Code Ann. § 408.221(c)
(West 2006) (stating that an insurance carrier that seeks judicial review “is
liable” for reasonable and necessary attorneys’ fees incurred by the claimant
if the claimant prevails).  Section 408.222, in contrast, states that the
amount of attorneys’ fees for defending an insurance carrier in a worker’s
compensation action must be approved by the division or court and determined to
be reasonable and necessary and references the issues the division or court
should consider in making that determination and the evidence defense counsel
“shall” present.  See id. § 408.222.