**Opinion issued June 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01081-CV

———————————

## IN THE INTEREST OF D.K.J.J., D.K.D.J., D.D.J., JR., D.Q.D.J., D.K.J.J., AKA B.B.B., Minor Children

On Appeal from the 314th District Court
Harris County, Texas
Trial Court Case No. 2017-05317J

## CONCURRING AND DISSENTING OPINION

The mother complains that the trial court erred in denying her a jury trial. I agree and thus dissent as to the termination of her parental rights. The father does not raise his right to trial by jury on appeal. I thus concur in the majority's analysis as to the sufficiency of the evidence supporting the termination of his parental rights.

*See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam) (courts of appeals cannot reverse trial court judgment for reasons not raised by party).

## BACKGROUND

The trial court appointed the Department of Family and Protective Services as temporary managing conservator of the children on November 9, 2017. Absent extraordinary circumstances, the court was required to commence the trial on the merits by November 12, 2018. *See* Tex. Fam. Code § 263.401(a), (b).

In August 2018, the trial court set this case for trial on October 30, 2018. Both parents filed a request for a jury trial on October 1. They paid the jury fee the same day.

Three days later, the trial court held a hearing on the parents' jury request. The hearing was very brief. Excluding the cover page, appearances of counsel, index, and court reporter's certificate, the transcript is just five pages. The trial court stated that it would not consider the state of its jury-trial docket in ruling on the parents' jury request. Instead, the court continued, "this is simply a question of whether or not the request was timely filed." It concluded, "I'm gonna find that it's not timely filed and that request is denied."

The parties tried the case to the bench as scheduled. Before trial commenced, both parents reasserted their request for trial by jury, which the trial court again denied. The trial was completed in a single day.

## DISCUSSION

### *Standard of Review*

We review a trial court's denial of a jury request for abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *Barkhausen v. Craycom, Inc.*, 178 S.W.3d 413, 417 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). We examine the entire record. *Rhyne*, 925 S.W.2d at 666; *Barkhausen*, 178 S.W.3d at 417. If the record shows that the trial court's decision was arbitrary, unreasonable, or without reference to guiding principles, then it abused its discretion. *Rhyne*, 925 S.W.2d at 666; *Barkhausen*, 178 S.W.3d at 417.

The trial court has no discretion in deciding what the law is or in applying the law to the facts. *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019). The trial court therefore also abuses its discretion if it fails to correctly analyze or apply the law. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (per curiam).

### *Right to Trial by Jury*

When the Department seeks to terminate parental rights, the parents are entitled to a trial by jury, if they timely request one. *See* TEX. FAM. CODE § 105.002. To be timely, parents generally must file a jury request "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216. Strict compliance with the 30-day deadline imposed by the rules of civil procedure, however, is not always required. *See Gen. Motors*

*Corp. v. Gayle*, 951 S.W.2d 469, 476–77 (Tex. 1997). The right to a jury trial is a constitutional one. TEX. CONST. art. I, § 15; *id.* art. V, § 10. The Supreme Court has described it as "one of our most precious rights, holding 'a sacred place in English and American history.'" *Gayle*, 951 S.W.2d at 476 (quoting *White v. White*, 196 S.W. 508, 512 (Tex. 1917)). Thus, when a jury request is untimely made, the request should be granted "if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Id.* We "closely scrutinize any denial of this important right to a litigant." *Ogu v. C.I.A. Servs.*, No. 01-07-00933-CV, 2009 WL 41462, at *3 (Tex. App.—Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.); *see also In re J.C.*, 108 S.W.3d 914, 917 (Tex. App.—Texarkana 2003, no pet.) (denial of right to jury trial is "very serious matter" subject to "utmost scrutiny").

### *Analysis*

The mother filed her jury request and paid the jury fee 29 days before trial. She thus missed the 30-day deadline for filing her request. Even so, the trial court should have granted her request if it could do so "without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Gayle*, 951 S.W.2d at 476. Instead, the trial court simply concluded that the request was untimely and denied it on that basis alone. When the Department's counsel tried to urge that the court's jury-trial docket could not accommodate the mother's request, the trial court

4

interjected that this circumstance "wouldn't be something that I would use to decide this particular issue." This is a clear abuse of discretion because the court's ability to accommodate the late request without interference to its docket and without delay of trial are two of the considerations that the court must consider. *See id.* The trial court cannot do what it did, which is deny the jury request merely because it was made a day late. *See id.* The trial court made its decision without reference to guiding principles. It had no discretion to misapply the law.

Nothing in the record shows that this brief trial could not have been tried to a jury without interfering with the court's docket or delaying trial. Nor does the record show that the Department would have been injured by the mother's delay in filing her jury request if the trial court had granted it. *Cf. In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (in case in which conservatorship as to one child was tried to jury but conservatorship as to two others were tried to bench, jury request not made until charge conference caused unfair surprise as ad litem had done voir dire, opened, and cross-examined witnesses with understanding that these two cases would be submitted to court for decision); *Universal Printing Co. v. Premier Victorian Homes*, 73 S.W.3d 283, 287, 294–95 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (affirming denial of jury request and holding that trial court did not err in crediting opposing counsel's claim that movant's late payment

of jury fee 15 days before five-day bench trial in suit involving claims for civil conspiracy, nuisance, and trespass caused unfair surprise).

The majority faults the mother for failing to adequately brief this issue. The mother's briefing of her right to a jury trial is lackluster. But she clearly raises the issue. She identifies the correct standard of review, noting that the trial court has discretion as to untimely requests. She complains that her request should have been granted given that it "was made within hours of the 30-day deadline." And her statement of the case and statement of facts identify where in the record we may find the trial court's adverse rulings.

Under the circumstances, the mother's brief suffices to preserve for review the issue of her right to a jury trial. The law concerning this issue is well-settled, the relevant portion of the trial record is quite limited and easily reviewed, and the trial court's error is manifest on the face of the record. While better briefing would have been helpful and appreciated, we must construe appellate briefs "reasonably, yet liberally," and we "should reach [the] merits" on appeal "whenever reasonably possible." *Tanner v. Black*, 464 S.W.3d 23, 29 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (relying on *Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008)).

### *Harmless Error*

The majority further concludes that any error in denying the mother a trial by jury was harmless and thus not a basis for reversal. The majority is mistaken.

6

The erroneous denial of a jury request is harmless if and only if "the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curiam); *see also Taylor v. Taylor*, 63 S.W.3d 93, 101 (Tex. App.—Waco 2001, no pet.) (reversal required unless record shows no material fact dispute and instructed verdict proper).

The Department does not contend that no material issues of fact existed for resolution by a factfinder and that the trial court would have been justified in terminating the mother's parental rights as a matter of law. The majority's factual sufficiency analysis shows that there were material fact disputes at trial. Thus, the trial court's error in denying the mother's jury request was not harmless.

## CONCLUSION

The remedy when a trial court errs in denying a jury request, and the error is not harmless, is remand for a jury trial. *Halsell*, 810 S.W.2d at 372; *Commerce & Indus. Ins. Co. v. Ferguson-Stewart*, 339 S.W.3d 744, 748–49 (Tex. App.—Houston [1st Dist.] 2011, no pet.). On this record, the mother was entitled to try her case before a jury. Because the majority does not give sufficient weight to her constitutional right to a jury trial, I dissent.

                                        Gordon Goodman
                                        Justice

Panel consists of Justices Keyes, Kelly, and Goodman.

Justice Goodman, concurring and dissenting