Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

Nos. 04-09-00806-CV & 04-10-00090-CV

**IN THE INTEREST OF A.S.G.**, J.N.G., and J.D.G., Minor Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-03932
Honorable Antonia Arteaga,[1] Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  January 26, 2011

VACATED IN PART; AFFIRMED IN PART

Appellant Andrew Guerra appeals two orders enforcing child support in this consolidated appeal.  First, he appeals the trial court's amendment of an enforcement order to include an award of attorney's fees almost a year after the enforcement order was signed.  Second, he appeals the finding of an arrearage in a later enforcement order, arguing that the amounts awarded as past-due child support and attorney's fees are not supported by sufficient evidence.  We vacate the amended order awarding attorney's fees, and affirm the enforcement order.

---

[1] The Honorable Antonia Arteaga, Presiding Judge of the 57th Judicial District Court, Bexar County, Texas, signed the December 9, 2009 amended order that is being appealed.  The Honorable John D. Gabriel, Jr., Presiding Judge of the 131st Judicial District Court, Bexar County, Texas, signed the January 25, 2010 order being appealed.

## FACTUAL AND PROCEDURAL BACKGROUND

A final decree of divorce between Maria Guerra and Andrew Guerra was signed on March 24, 2005. The divorce decree obligated Andrew to pay $1,500 per month in child support for the couple's three children; it also ordered him to make additional monthly payments of $1,000 in order to pay back child support totaling $10,000 owed under temporary orders. In October 2006, Maria Guerra filed a motion to enforce child support claiming an arrearage of $12,788.91. The trial court entered an order finding Andrew in contempt for failure to pay $13,947.59 in child support arrearages, and ordering him to pay a lump sum of $2,000 in order to avoid commitment to jail. Thereafter, Andrew filed a petition to modify the amount of child support; Maria filed a counter-petition. On March 26, 2007, the trial court entered a modification order reducing Andrew's monthly child support payment to $800 beginning on April 1, 2007; the court also entered judgment confirming that Andrew was in arrears for $12,077.42 in unpaid child support. As conditions of the suspension of his commitment and probation, Andrew was ordered to pay a lump sum of $1,500 on or before May 10, 2007 toward the arrearage, and to pay an additional $100 per month beginning June 1, 2007, and continuing thereafter until the arrearage is paid in full.

### The Motion to Clarify and the Amended Order

In December 2008, Maria Guerra moved to enforce the March 26, 2007 child support order and to revoke the suspension of Andrew Guerra's commitment for contempt. After a hearing, the trial court issued an order on January 29, 2009 finding that Andrew had failed to comply with the March 26, 2007 order and was in contempt of court. Specifically, the court found that Andrew was able to pay but had failed to pay total child support of $4,440 during the period from July 1, 2008 through December 1, 2008. The court revoked Andrew's probation,

and committed him to the county jail for 180 days or until he paid Maria the sum of $2,500 toward the child support arrearage. The order did not award attorney's fees, and stipulated that "all relief requested and not expressly granted is denied." After a two-hour period of confinement, Andrew paid Maria $2,500 that same day.

Almost ten months later, on November 10, 2009, Maria filed a motion to clarify the January 29, 2009 order seeking to include an award of $2,500 in attorney's fees. At a hearing on the motion, the trial court confirmed from the transcript of the prior hearing that attorney's fees on the enforcement action were verbally awarded and indicated it would sign an amended order awarding the attorney's fees. Counsel for Andrew agreed the fees were verbally awarded, but objected the trial court no longer had jurisdiction to add a substantive provision to the order.[2] Thereafter, the court signed an amended order on December 9, 2009 which restated the January 29, 2009 order, and ordered Andrew to pay "$2,500.00 in attorney's fees as additional child support . . . ." Andrew appeals from the December 9, 2009 amended order, arguing it is void because the trial court's plenary jurisdiction had expired.

### *The Motion for Enforcement of Child Support for 2009*

Also on November 10, 2009, Maria filed another motion to enforce child support and to revoke suspension of Andrew's commitment for contempt, arguing he had failed to make full child support payments for March 2009 through November 2009, excluding July. According to the March 26, 2007 order, Andrew was obligated to pay $800 in child support each month and $100 toward arrearages for a total monthly payment of $900. Maria alleged Andrew paid less

---

[2] On the written amended order, Andrew's counsel noted, "I agree this is what the court ordered, but still contend the court does not have jurisdiction to amend the order."

than $900 for eight of the nine months covered by her motion. Maria further alleged that Andrew also had an outstanding total arrearage of $10,621.47 for the previous years, and requested recovery of attorney's fees for the enforcement action. The motion included a copy of the Attorney General's payment records from February 28, 2007 through November 1, 2009. Andrew filed a general denial and a petition to modify child support alleging the amount ordered differed by $100 from the guidelines contained in the Texas Family Code.

The trial court conducted a hearing on Maria's motion for enforcement in December 2009. Andrew argued that instead of being in arrears for 2009, he was actually ahead for that year. The Attorney General's payment records for 2009 were admitted into evidence, and showed that Andrew had paid a total of $11,405 from January through November 2009. Andrew asserted that because the payment records showed he had overpaid by $1,505, he was not in arrears for 2009; plus, he made an additional payment of $300 on the day of the hearing. Maria disagreed, noting that the $11,405 reflected on the payment history included the $2,500 lump sum toward arrearages through 2008 which Andrew was ordered to pay on January 29, 2009 to avoid commitment to jail. Maria argued that Andrew had failed to consistently pay the required $900 each month of 2009, instead underpaying in some months and overpaying in other months; she asserted that any overpayments went to the outstanding arrearage balance and could not be applied to the current child support. For example, Andrew paid $1,800 in January 2009 (excluding the $2,500 toward arrearages), $1,000 in February, and $1,090 in July; however, he paid nothing in March, paid only $350 in August, only $570 in October, and underpaid by

various amounts in the remaining months.[3]  Maria noted that her motion for enforcement excluded the months during which Andrew paid more than $900, with the extra payments applied to the arrearage balance, and that she was seeking enforcement and contempt only for the months during 2009 for which Andrew paid less than $900.  Maria argued that Andrew had shown a pattern of failing to stay current on his child support payments and consistently carried an arrearage balance, and it had been necessary for her to file repeated motions for enforcement and contempt.

At the conclusion of the hearing, the trial court found that Andrew owed $1,285 in unpaid child support for 2009, found him in contempt, and ordered him to pay that amount within sixty days.  The court explained, "Well, to be honest with you, it's somewhat confusing, but at least when Mr. Guerra was on the stand, he admitted to being short on those particular months that [Ms. Rivera] went over. I am going to find that he owes $1285."  The court indicated the $2,500 lump sum payment in January 2009 was for past arrearages as a condition of release from jail. The court awarded $1,000 in attorney's fees as additional child support to Maria's attorney for

---

[3] This table shows the amount of child support Andrew paid each month during 2009 according to the Attorney General's payment history.  It does not include the $2,500 lump sum payment he was ordered to pay on January 29, 2009 toward his past arrearages through 2008.

| Month | Payment |
|---|---|
| January | 1800 |
| February | 1000 |
| March | 0 |
| April | 800 |
| May | 840 |
| June | 855 |
| July | 1090 |
| August | 350 |
| September | 800 |
| October | 570 |
| November | 800 |

the 2009 motion to enforce. Finally, the court declined to re-visit the issue of the prior attorney's fee award of $2,500 because Andrew had already appealed that matter.

On January 25, 2010, the court signed a written order holding Andrew in contempt for failure to pay child support during 2009 and granting judgment for an arrearage of $1,285.00, plus attorney's fees of $1,000. The court ordered Andrew to pay the full $1,285 by February 11, 2010, and to pay the $1,000 in attorney's fees by March 10, 2010. The court further ordered that Andrew "shall continue to pay child support and arrear[s] as previously Ordered." Andrew timely appealed from that order, and the appeal was consolidated with his appeal of the December 9, 2009 amended order.

**DISCUSSION**

Andrew Guerra raises three issues on appeal. First, he argues the December 9, 2009 amended order awarding $2,500 in attorney's fees to Maria is void because the trial court's plenary power had expired. Second, he contends there was insufficient evidence to support the court's finding of past-due child support for 2009 and its award of attorney's fees to Maria for the enforcement action.[4]

***Trial Court's Jurisdiction to Amend the January 29, 2009 Order***

Andrew's first issue concerns the trial court's plenary power to amend the January 29, 2009 enforcement order to add an award of attorney's fees. We review de novo whether a trial court had subject matter jurisdiction to amend or modify a prior judgment. *Coleman v. Sitel Corp.*, 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.). We agree with Andrew on this issue. Maria's motion to clarify the January 29, 2009 written order was not filed until November 10, 2009, well after expiration of the court's plenary power to modify its order. *See* TEX. R. CIV. P. 329b(d) (providing that, "The trial court, regardless of whether an appeal has

---

[4] No appellee's brief was filed.

been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). Even though a court retains the inherent power to clarify, interpret or enforce a provision of a divorce decree, it may not alter the judgment after expiration of its plenary power, and an order that attempts to do so is void. *See Lundy v. Lundy*, 973 S.W.2d 687, 688 (Tex. App.—Tyler 1998, pet. denied) (holding that trial court's order clarifying and modifying the child support provision of a divorce decree after expiration of its plenary powers was void).

Further, the only basis for clarifying a prior order in a suit affecting the parent-child relationship is when the provision sought to be clarified is ambiguous and not specific enough to be enforced by contempt. TEX. FAM. CODE ANN. § 157.421 (West 2008); *In re A.C.B.*, 103 S.W.3d 570, 577 (Tex. App.—San Antonio 2003, no pet.) (absent ambiguity court was without authority to modify prior child support order after expiration of plenary power). Here, the January 29, 2009 order contained no ambiguity; it included specific findings as to the amounts of child support not paid by Andrew, and imposed criminal and civil contempt sanctions for each violation. The order contained no mention of attorney's fees. Maria asserted that the trial court's oral pronouncement at the January 2009 hearing[5] awarding her attorney's fees should control over the written order. However, a written order controls over a trial court's oral pronouncement when there is an inconsistency. *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding court's statement in written order reserving ruling on claim for attorney's fees controlled over court's oral pronouncement at end of hearing that no attorney's fees were awarded). The January 29, 2009 order contained nothing indicating the court intended to reserve the matter of attorney's fees and it disposed of all matters before the court; the order also declared that "[a]ll relief requested and not expressly granted is denied."

---

[5] The appellate record does not contain a transcript of the hearing that led to the January 29, 2009 order.

*See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203-04 (Tex. 2001) (finality of order or judgment is determined by whether court's language indicates intent to finally dispose of entire matter after hearing on the merits; inclusion of "Mother Hubbard" clause, that all relief not expressly granted is denied, does not necessarily make order final). Finally, because an award of attorney's fees is a substantive issue, and not merely correction of a clerical error, the court's subsequent amended order may not be upheld under the rules permitting a court to modify a judgment after expiration of its plenary power in order to correct a clerical error. *See* TEX. R. CIV. P. 316, 329b(f); *see also McGehee v. Epley*, 661 S.W.2d 924, 925-26 (Tex. 1983) (per curiam) (order entered after divorce decree became final which affirmatively imposed obligation to pay where none previously existed was more than a mere clarification of prior judgment and was error); *In re A.C.B.*, 103 S.W.3d at 578 (clarification order granting additional substantive relief that was not awarded in original order was error).

The trial court's plenary power to modify its original, unambiguous enforcement order had long since expired when it signed the amended order on December 9, 2009 adding the award of $2,500 in attorney's fees. Any judicial action by a court without jurisdiction is void. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990); *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). Accordingly, we vacate the amended order signed December 9, 2009.

### *Insufficient Evidence to Support Court's Finding of Arrearage for 2009*

Andrew's second issue concerns the amount of child support arrearage found by the trial court in its January 25, 2010 enforcement order. Chapter 157 of the Family Code governs motions for enforcement of child support, including confirmation of child support arrearages. TEX. FAM. CODE ANN. §§ 157.001-.426 (West 2008 & Supp. 2010). The movant on a motion to

enforce bears the burden of establishing the amount of child support owed, while the respondent may offer controverting evidence. *Id.* §§ 157.002 (West 2008), 157.008 (West 2008), 157.162 (West Supp. 2010); *In re A.L.G.*, 229 S.W.3d 783, 785 (Tex. App.—San Antonio 2007, no pet.). Any affirmative defense must be proved by a preponderance of the evidence. TEX. FAM. CODE ANN. § 157.006(b) (West 2008). We will not disturb a court's order of enforcement for child support, including a judgment confirming an arrearage, unless the appellant shows a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *In re A.L.G.*, 229 S.W.3d at 784. A trial court abuses its discretion as to facts when it acts arbitrarily and unreasonably, and as to legal matters when it acts without reference to guiding rules. *In re A.L.G.*, 229 S.W.3d at 784-85. A trial court does not abuse its discretion if it bases its decision on conflicting evidence, and a permissible view of some evidence supports its decision. *Id.* at 785. We imply all necessary findings of fact to support the trial court's judgment in non-jury trials, such as this one. *Id*.

At the hearing, Andrew maintained that his overpayments in some months offset his failure to pay the full amount of current child support in other months. He testified that he had called the Attorney General's office, and was told that he was "ahead." He stated the person he spoke to advised him that, "when you make your payments, you make your payments." Andrew understood from this exchange that when he overpaid in one month, the excess did not apply to his general arrears but instead helped him stay current for 2009 by applying to the months he underpaid. Finally, Andrew explained the nature of his work and intermittent income sometimes prevented him from making full child support payments in some months, but that he paid extra the next month. The trial court found Andrew in contempt and ordered him to pay $1,285 in

arrearages for 2009. The court stated the amount was based on Andrew's admissions that "at least for those months [Ms. Rivera] asked about," he had failed to pay the full $900 amount.

On appeal, Andrew argues Maria failed to meet her burden of proof to show he was in arrears for 2009. Andrew contends that because he owed a total of $9,900 from January through November 2009 ($900 x 11 months), and the Attorney General's payment records show he paid a total of $11,405, he was not in arrears but was in fact "ahead" for 2009. *See* TEX. FAM. CODE ANN. § 157.162(d) (West Supp. 2010) (court may not find respondent in contempt if payment record shows he is current on child support). We disagree. First, the payment records clearly show the $11,405 amount includes the $2,500 lump sum Andrew paid at the end of January 2009 as a condition of his release from commitment for contempt based on the 2008 arrearages; therefore, that amount does not apply to the 2009 child support obligation. Second, a provision of the Texas Family Code, section 157.268, directly addresses the priority in which child support payments are to be applied. TEX. FAM. CODE ANN. § 157.268 (West Supp. 2010). Section 157.268 expressly provides that:

> Child support collected shall be applied in the following order of priority:
>
> (1) current child support;
> (2) non-delinquent child support owed;
> (3) the principal amount of child support that has not been confirmed and reduced to money judgment;
> (4) the principal amount of child support that has been confirmed and reduced to money judgment;
> (5) interest on the principal amounts specified in Subdivisions (3) and (4); and
> (6) the amount of any ordered attorney's fees or costs . . . .

*Id*.

Here, the only matter before the trial court on Maria's motion to enforce was the time period from March through November 2009. As noted, *supra*, under the March 26, 2007 order Andrew's current child support obligation was $800 per month. The following table reflects the

amount of child support owed, the amount Andrew paid each month, and a running total of past-due child support during the relevant period:

| Month | Owed | Paid | Arrears |
|-------|------|------|---------|
| March | $ 800 | $ 0 | $ –800 |
| April | $ 800 | $ 800 | $ –800 |
| May | $ 800 | $ 840 | $ –760 |
| June | $ 800 | $ 855 | $ –705 |
| July* | $ 800 | $ 900 | $ –605 |
| August | $ 800 | $ 350 | $ –1055 |
| September | $ 800 | $ 800 | $ –1055 |
| October | $ 800 | $ 570 | $ –1285 |
| November | $ 800 | $ 800 | $ –1285 |

*July is not reflected in Maria's motion to enforce, and she conceded at the hearing on the motion that Andrew paid the full amount in July.

As shown in the table, the trial court correctly calculated the amount of past-due child support owed by Andrew for March through November 2009, the period covered by Maria's motion to enforce. Contrary to Andrew's argument, any overpayment in January and February was applied to past-due child support arrearages for prior years because there was no past-due child support owed for 2009 at that time. *See* TEX. FAM. CODE ANN. § 157.268(3), (4) (West Supp. 2010). Further, an obligor cannot "pay forward" a current child support obligation unless

he owes no arrears. *See id.* Accordingly, we conclude the trial court did not abuse its discretion in finding that Andrew was in arrears for 2009 in the amount of $1,285.[6]

### *Award of Attorney's Fees*

In his third issue, Andrew challenges the award of attorney's fees in the January 25, 2010 order, arguing it is based on insufficient evidence. The grant or denial of attorney's fees is within the sound discretion of the trial court. *In re C.Z.B.*, 151 S.W.3d 627, 634 (Tex. App.—San Antonio 2004, no pet.) (citing *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985)). We will uphold an award of attorney's fees unless we find the trial court acted arbitrarily or unreasonably. *Id.* Under Texas law, attorney's fees are only recoverable when authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006); *In re C.Z.B.*, 151 S.W.3d at 634. In an action to enforce child support, the Family Code authorizes the movant's recovery of reasonable attorney's fees from a respondent who has failed to make child support payments. *See* TEX. FAM. CODE ANN. § 157.167(a) (West 2008); *In re C.Z.B.*, 151 S.W.3d at 634. Absent an express finding by the trial court to the contrary, the respondent must pay the movant's fees and costs. *See* TEX. FAM. CODE ANN. § 157.167(c) (West 2008); *see also Gross v. Gross*, 808 S.W.2d 215, 222 (Tex. App.—Houston [1st Dist.] 1991, no writ). Particularly in child support cases, the trial court has broad discretion in awarding attorney's fees. *See* TEX. FAM. CODE ANN. § 106.002 (West 2008); *In re C.Z.B.*, 151 S.W.3d at 634.

Andrew contends that the evidence Maria's attorney, Ms. Rivera, presented to the trial court is insufficient to support the court's award of $1,000 in fees because she did not testify as to her hourly rate and how many hours she spent working on the case. *See In re C.Z.B.*, 151

---

[6] Andrew makes an alternative argument that the court's finding of any arrearage for 2009 was an abuse of discretion because his testimony proved his affirmative defense of inability to pay. As the fact finder, the trial court was the exclusive judge of the credibility and weight to be given the evidence, and was entitled to disbelieve all or part of Andrew's testimony. *Magness v. Magness*, 241 S.W.3d 910, 913 (Tex. App.—Dallas 2007, pet. denied).

S.W.3d at 635 ("To support an award of reasonable costs, testimony should be presented regarding the number of hours spent on the case, the nature of the preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates."). In her testimony, Ms. Rivera described her experience as a family law attorney for 16 years, her activities related to the filing of the motion to enforce, her efforts to settle the matter with opposing counsel who denied there was any arrearage for 2009, and the history of the case involving the need for repeated enforcement proceedings. Andrew argues this testimony is insufficient under the requirements established by the Texas Supreme Court's holding in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997), and this court's holding in *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82 (Tex. App.—San Antonio 2003, pet. denied). But the awards in those cases concerned contingency fee arrangements where the attorneys testified to the existence of those arrangements and did not request a "specific dollar amount." *See Arthur Andersen*, 945 S.W.2d at 818 (holding that plaintiffs under the DTPA must ask for the award of fees in a specific dollar amount, not as a percentage of the judgment); *see also San Antonio Credit Union*, 115 S.W.3d at 106.

Although here Ms. Rivera did not testify to her hourly rate or exact number of hours spent on the case, she did specifically ask for $1,500 in attorney's fees and explained to the trial court their necessity and reasonableness. This comports with *Arthur Andersen*'s basic requirements. *See Arthur Andersen*, 945 S.W.2d at 818 (establishing that the requesting party must prove that the amount of fees was both reasonably incurred and necessary to the prosecution of the case). This testimony provides a reasonable basis for the award of $1,000 given the mandatory nature of the fee award and the broad discretion granted to the trial court under the Family Code. *See* TEX. FAM. CODE ANN. §§ 157.167, 106.002 (West 2008).

Additionally, Andrew complains of the lack of segregation in the attorney's fee request between work on the motion to clarify and the motion for enforcement, both of which were filed on November 10, 2009. He contends Ms. Rivera should have distinguished between the two cases in accordance with *Tony Gullo*'s fee segregation requirements. *See Tony Gullo*, 212 S.W.3d at 311 ("[F]ee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not."). This contention misconstrues the testimony. Ms. Rivera requested the recovery of "fair and reasonable attorney's fees *in this motion*," namely the motion to enforce which was the sole subject of the hearing. The record is clear that she had already obtained the amended order awarding $2,500 in attorney's fees for the enforcement action for the 2008 arrearages. We overrule Andrew's challenge and sustain the trial court's award of $1,000 in attorney's fees for the 2009 enforcement motion. Accordingly, we affirm the trial court's January 25, 2010 order in its entirety.

## CONCLUSION

Based on the foregoing reasons, we vacate the trial court's amended order signed December 9, 2009 awarding $2,500 in attorney's fees to Maria Guerra on her 2008 enforcement motion, and affirm the trial court's order signed January 25, 2010.

Phylis J. Speedlin, Justice