

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00357-CV

SANTHAMMA GEORGE                                              APPELLANT

V.

DALLAS COUNTY                                                    APPELLEE
HOSPITAL DISTRICT

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Santhamma George appeals the trial court's judgment affirming

the Texas Department of Insurance Division of Workers' Compensation (DWC)

---

[1]*See* Tex. R. App. P. 47.4.

Appeals Panel decision in favor of Appellee Dallas County Hospital District (DCHD), her former employer. We dismiss the appeal for want of jurisdiction.

## II. Factual and Procedural Background

George filed a petition for judicial review of the appeals panel decision in November 2009. DCHD filed a motion to dismiss for want of jurisdiction, which the trial court denied in April 2010, and then a traditional and no-evidence motion for summary judgment. George filed a response, and DCHD filed objections to her summary judgment evidence.[2]

The trial court granted summary judgment for DCHD on June 10, 2010. In its order, entitled "FINAL SUMMARY JUDGMENT," the court stated:

> On this the 10th day of June, 2010, the Court heard the Motion for Summary Judgment filed in this cause by Defendant, DALLAS COUNTY HOSPITAL DISTRICT. All parties appeared by and through their respective counsel. The Court, after examining the pleading[s] and the summary judgment evidence and hearing the arguments of counsel, is of the opinion and finds that Dallas County Hospital District is entitled to summary judgment based on its defense of status [sic] of limitations, and as follows:
>
> IT IS HEREFORE, ORDER[ED], ADJUDGED, AND DECREED that Defendant's Motion for Summary Judgment be Granted, and that Plaintiff, Santhamma George, take nothing against Defendant Dallas County Hospital District.

Included in the record is a letter from the Denton County Deputy Clerk dated June 11, 2010, that is addressed to DCHD's counsel and that states, "In

---

[2]George attached—among other things—a copy of the "Register of Actions" in the case filed by DCHD for judicial review of the same appeals panel decision, which DCHD filed five days before George filed this case.

accordance with the provisions of Rule 306(a)(3) and/or Rule 239(a) of the Texas Rules of Civil Procedure, you are hereby notified an order disposing of the case or an appealable order was signed by the Judge of the 362nd Judicial District Court on June 10, 2010." In the blank space next to "Final, Default, Summary Judgment or Other Appealable Order" is an "X." The docket summary includes a notation dated June 10, 2010: "Final Order/Judgment/Decree (closes entire case) (Judicial Officer: McFarling, Bruce) *Final Summary Judgement* [sic] for Parties: Plaintiff George, Santhamma; Defendant Dallas County Hospital District." It also includes a notation dated June 11, 2010: "Notice of Judgment/Appealable order sent to: Party: Attorney DONOVAN, MICHAEL J. [for DCHD]; Attorney MCLEAISH, DONALD C. [for George.]"[3]

On July 21, 2010—forty-one days after the trial court granted the summary judgment disposing of George's claim—DCHD filed a motion for approval of attorneys' fees. This was DCHD's first mention of attorneys' fees in any of its filings. DCHD filed a motion for entry of final judgment two days later. George filed a motion for new trial on August 31, 2010, and DCHD filed an amended motion for approval of attorneys' fees on September 7, 2010. The trial court entered an order on DCHD's attorneys' fees on September 9, 2010, and on the

---

[3]These attorneys continue to represent their respective clients in this appeal.

same day, the trial court also entered an order, entitled "FINAL JUDGMENT," which stated:

> This matter came on for hearing on the Motion for Summary Judgment by Defendant, Dallas County Hospital District, and each party appeared through counsel of record. Having considered the evidence and argument presented, as well as the final decision of the Texas Department of Insurance, Division of Workers' Compensation Appeals Panel in Decision Number 09112712, Docket Number 09112712-01-A1, as required by Tex. Lab. Code section 410.304, *the Court entered Summary Judgment in favor of Defendant, Dallas County Hospital District on all issues presented*.
>
> The Court finds and enters judgment confirming the final decision of the Texas Department of Insurance, Division of Workers' Compensation Appeals Panel in Decision Number 09112712, Docket Number 09112712-01-A1 on the issues presented by the Plaintiff in her action, specifically the issues of extent of injury and disability.
>
> The Court hereby enters final judgment as set forth that Defendant Dallas County Hospital District is not liable for benefits as provided by this Final Judgment and otherwise set forth by law to Plaintiff Santhamma George.
>
> This final judgment fully and finally disposes of all parties and all claims and is an appealable final judgment. The Court denies all other relief not previously granted, with the exception of Defendant's attorney fees, which was considered under separate order. [Emphasis added.]

The trial court denied George's motion for new trial on October 8, 2010. George filed her notice of appeal on October 12, 2010.

### III. Jurisdiction

On June 21, 2011, this court sent a letter to the parties stating our concern that we may not have jurisdiction over this appeal because the trial court's June

4

10, 2010 summary judgment appeared to have disposed of all parties and issues in the case, which would result in the trial court's loss of plenary power on July 12, 2010.  *See* Tex. R. App. P. 25.1, 26.1; Tex. R. Civ. P. 329b.  We informed the parties that if the summary judgment was a final, appealable judgment, then the motion for new trial was due July 12, 2010, but nothing was filed in this case by that date, making George's notice of appeal untimely.  *See* Tex. R. App. P. 26.1.  We stated that unless any party desiring to continue the appeal filed with the court, on or before Friday, July 1, 2011, a response showing grounds for continuing the appeal, the appeal may be dismissed for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 44.3.

George filed her response on June 29, 2011, and her reply to DCHD's response on July 18, 2011.  In both, she contends that the trial court's summary judgment could not have been a final judgment.  In her response, she refers us to labor code section 410.305(a), which states that to the extent the subchapter on judicial review of issues regarding compensability or income or death benefits conflicts with the rules of civil procedure or any other rules adopted by the supreme court, "this subchapter controls."  *See* Tex. Lab. Code Ann. § 410.305(a) (West 2006).  She then directs us to labor code section 410.258, which states:

> (a) The party who initiated a proceeding under this subchapter or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the division not later than the 30th day before the

5

date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

(b) The division may intervene in a proceeding under Subsection (a) not later than the 30th day after the date of receipt of the proposed judgment or settlement.

(c) The commissioner shall review the proposed judgment or settlement to determine compliance with all appropriate provisions of the law. If the commissioner determines that the proposal is not in compliance with the law, the division may intervene as a matter of right in the proceeding not later than the 30th day after the date of receipt of the proposed judgment or settlement. The court may limit the extent of the division's intervention to providing the information described by Subsection (e).

(d) If the division does not intervene before the 31st day after the date of receipt of the proposed judgment or settlement, the court shall enter the judgment or approve the settlement if the court determines that the proposed judgment or settlement is in compliance with all appropriate provisions of the law.

(e) If the division intervenes in the proceeding, the commissioner shall inform the court of each reason the commissioner believes the proposed judgment or settlement is not in compliance with the law. The court shall give full consideration to the information provided by the commissioner before entering a judgment or approving a settlement.

(f) *A judgment entered or settlement approved without complying with the requirements of this section is void*.

*Id.* § 410.258 (West 2006) (emphasis added).

Based on subsections (a), (b), and (f) of section 410.258, George argues that the trial court's June 10, 2010 summary judgment "could not be a final judgment because no notice had been provided to the Division of Workers' Compensation" as required by section 410.258, that "[f]ollowing compliance with

6

the notice provisions of the Labor Code, a motion for entry of final judgment was filed July 23, 2010 and the Final Judgment was signed September 9, 2010," and that her motion for new trial was filed August 31, 2010, making her October 8, 2010 notice of appeal timely.

This court has previously held that "section 410.258 applies only to judgments resulting from defaults or parties' agreements or settlements." *Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 202 (Tex. App.—Fort Worth 2009, no pet.) (concluding that the language contained in section 410.258(a)—applying the section to "any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment"—expressed the legislature's intention that the division receive notice of judgments made without judicial oversight or without fully adversarial proceedings). The summary judgment proceedings here were made with judicial oversight and were adversarial. Therefore, section 410.258 does not apply.[4]

With regard to the status of the summary judgment in this case, the supreme court has stated that

> an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. . . . *Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties*; but language that "plaintiff

---

[4]DCHD's response to our jurisdiction letter echoes our conclusion here.

7

take nothing by his claims against X" when there is more than one defendant or other parties in the case does not indicate finality.

. . . Thus, in the example just given, if the record reveals that there is only one plaintiff and only one defendant, X, the order is final, but if the record reveals the existence of parties or claims not mentioned in the order, the order is not final.

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001) (emphasis added). Here, in its June 10, 2010 summary judgment, the trial court granted DCHD's motion for summary judgment and expressly ordered that George "take nothing against" DCHD. George and DCHD were the only parties in this case, DCHD filed no counterclaims against George, and DCHD did not request attorneys' fees until forty-one days after the trial court granted the summary judgment disposing of George's claim. *Cf. McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (stating that summary judgment was not an appealable judgment because it did not appear final on its face and because it did not dispose of the defendants' claim for attorneys' fees). *See generally In re A.S.G.*, Nos. 04-09-00806-CV, 04-10-00090-CV, 2011 WL 227946, at *3–4 (Tex. App.— San Antonio Jan. 26, 2011, no pet.) (discussing trial court's lack of jurisdiction to modify order to add award of attorneys' fees after the expiration of plenary power). Additionally, the trial court's September 9, 2010 purported final judgment expressly acknowledges that the trial court entered summary judgment "in favor of Defendant, Dallas County Hospital District on all issues presented."

We conclude that the June 10, 2010 summary judgment was the final, appealable order in this case and that the trial court lost plenary power thirty days

8

after entering it. *See Lehman*, 39 S.W.3d at 205–06; *A.S.G.*, 2011 WL 227946, at *3–4. Because the summary judgment was the final, appealable order in this case, George's motion for new trial, and by extension, her notice of appeal, was untimely, leaving this court without jurisdiction over this appeal.[5] *See* Tex. R.

---

[5]In her reply, George argues that "[t]he fact that the trial court and parties did not consider the order a final judgment is shown by the record which discloses continued proceedings in the case," including notice to DWC under section 410.258(a) and two motions for attorneys' fees filed by DCHD "as required under Sec. 408.222." However, the record does not reflect that George sent notice to DWC, and both motions for attorneys' fees were filed more than thirty days after the trial court granted summary judgment. Further, although George argues that DWC's statutory right to intervene under section 410.258 "extended the plenary power of the trial court," even assuming that section 410.258 applied here, George has cited no authority to support her extension-of-plenary-power argument, nor have we found any. *See* Tex. R. App. P. 38.1(i).

George also argues that labor code section 408.222 requires the trial court to approve attorneys' fees for the carrier's defense attorney, giving the trial court continuing jurisdiction. However, while section 408.222 requires approval by DWC or the court of the *amount* of attorneys' fees for defending an insurance carrier in a worker's compensation action, nothing in the statute appears to exempt the insurance carrier from having to *request* attorneys' fees before the trial court's plenary power expires. *Cf. Commerce & Indus. Ins. Co. v. Ferguson-Stewart*, 339 S.W.3d 744, 747–48 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting that under section 408.221—the provision applicable to claimants—claimant pleaded for reasonable and necessary attorneys' fees and expenses under section 408.221 in her answer); *Hagberg v. City of Pasadena*, 224 S.W.3d 477, 482–83 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating same and noting that claimant's request for attorneys' fees in his answer remained a pending claim after the city filed a motion for nonsuit). And unlike section 408.222, section 408.221(c) makes clear that fees for prevailing claimants are mandatory. *See* Tex. Lab. Code Ann. § 408.221(c) (West 2006) (stating that an insurance carrier that seeks judicial review "is liable" for reasonable and necessary attorneys' fees incurred by the claimant if the claimant prevails). Section 408.222, in contrast, states that the amount of attorneys' fees for defending an insurance carrier in a worker's compensation action must be approved by the division or court and determined to be reasonable and

App. P. 25.1, 26.1.  We dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

## IV.  Conclusion

Having determined that we lack jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction.


BOB MCCOY
JUSTICE

PANEL:  WALKER, MCCOY, and GABRIEL, JJ.

DELIVERED:  August 11, 2011

---

necessary and references the issues the division or court should consider in making that determination and the evidence defense counsel "shall" present. *See id.* § 408.222.