

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00679-CV

**IN THE INTEREST OF A.C.**, J.C., and I.C.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-02712
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  January 30, 2013

AFFIRMED

This is an appeal from the trial court's order terminating appellant's parental rights to her three children.[1]  In a single issue on appeal, appellant contends the trial court's findings do not support the termination.  More specifically, appellant contends because the trial court failed to make an oral finding that termination was in the children's best interest, the oral findings do not support the termination order.  We disagree with appellant, and we affirm.

## DISCUSSION

A trial court may terminate a parent's parental rights if the court finds by clear and convincing evidence at least one of the culpable grounds listed in Texas Family Code section 161.001(1) and that termination is in the child's best interest.  *See* TEX. FAM. CODE ANN.

---

[1] In the same Order of Termination, the trial court terminated the parental rights of the fathers of the three children. None of the fathers have appealed.

§ 161.001(1), (2) (West Supp. 2012).  A trial court may also terminate a parent's parental rights if the court finds that

> (1) the parent has a mental or emotional illness or a mental deficiency that renders the parent unable to provide for the physical, emotional, and mental needs of the child;
> (2) the illness or deficiency, in all reasonable probability, proved by clear and convincing evidence, will continue to render the parent unable to provide for the child's needs until the 18th birthday of the child;
> (3) the department has been the temporary or sole managing conservator of the child of the parent for at least six months preceding the date of the hearing on the termination held in accordance with Subsection (c);
> (4) the department has made reasonable efforts to return the child to the parent; and
> (5) the termination is in the best interest of the child.

*Id.* at § 161.003(a) (West 2008).

If the court finds the grounds for termination by clear and convincing evidence, then the court must render an order terminating the parent-child relationship.  *Id.* at § 161.206(a).  In this case, the State alleged a variety of grounds under section 161.001(1) and allegations under section 161.003 as its basis for asking that appellant's parental rights be terminated.  At trial, witnesses testified appellant had been diagnosed with schizophrenia; she suffers from hallucinations and paranoid delusions; she is inconsistent in taking her medication; and she is unable to provide a safe place for the children.  Following testimony, including from appellant, the trial court orally pronounced as follows:

> All right.  We're preceding under 161.003 of the Texas Family Code . . . So with that the Court makes all necessary findings under 161.003 and 161.001 for all orders in this case.  All findings necessary for these provisions to be met are made by this Court.  The Court therefore orders the relief requested by [the State] is granted under 161.003 and 161.001
>
> As to [appellant] the grounds are 161.003 that the burden has been met.  And should there be any doubt or confusion or ambiguity where that burden is met, then the Court in the alternative has clear and convincing evidence under 161.001(O).

In its written order, signed on the same day as the termination hearing, the trial court terminated appellant's parental rights pursuant to Family Code section 161.001(O) and section 161.003. The court also found termination to be in the children's best interest.

On appeal, appellant asserts that because the oral pronouncement did not include a best interest finding, the oral pronouncement is not sufficient to support termination. When there is an inconsistency between a written judgment and an oral pronouncement of judgment, the written judgment controls. *In re M.L.S.*, No. 11-12-00042-CV, 2012 WL 2371042, at *1 (Tex. App.—Eastland June 21, 2012, no pet.) (mem. op.) (although trial court's oral pronouncement only included findings that appellant's parental rights should be terminated based on section 161.001(1)(D), (E), (O), and (P), written judgment also included finding that her rights should be terminated under subsection (R)); *see also In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.) (final written order in suit affecting parent-child relationship did not award attorney's fees controlled over oral pronouncement awarding such fees). Here, to the degree there is any inconsistency between the oral pronouncement and the written termination order, the written order controls. Therefore, we overrule appellant's issue on appeal.

### CONCLUSION

For the reasons stated above, we affirm the trial court's Order of Termination.

Sandee Bryan Marion, Justice