# NO. 12-18-00077-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF J. W.* | § | *CHEROKEE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This is an accelerated appeal of a trial court's judgment involuntarily committing J.W. for temporary mental health services and ordering the administration of psychoactive medication to him. J.W.'s court-appointed counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

On March 16, 2018, an application was filed for court-ordered temporary mental health services with regard to J.W. On March 20, 2018, the trial court conducted an evidentiary hearing on the matter. Following the hearing, the trial court found that there is clear and convincing evidence that J.W. (1) is likely to cause serious harm to others, (2) is suffering severe and abnormal mental, emotional, or physical distress, (3) is experiencing substantial mental or physical deterioration of his ability to function independently, which is exhibited by his inability, except

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.**, 228 S.W.3d 219, 220 (Tex. App–San Antonio 2007, no pet.) (concluding that **Anders** procedure is appropriate when court-appointed counsel concludes an appeal from involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.–Amarillo Sept.7, 2005, no pet.) (mem. op., not designated for publication); **In re E.M.**, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.–Austin May 1, 1997, no writ) (op., not designated for publication). We conclude that the **Anders** procedure also is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.**, 228 S.W.3d at 220.

for reasons of indigence, to provide for his basic needs, including food, clothing, health, or safety, and (4) is unable to make a rational and informed decision as to whether to submit to treatment. As a result, the trial court rendered a written order committing J.W. for temporary inpatient mental health services for a period up to forty-five days, but not to exceed ninety days.[2]

That same day, the trial court held an evidentiary hearing on J.W.'s treating physician's application for administration of psychoactive medication to J.W. Thereafter, the trial court found that the allegations made in the application are "true and correct and are supported by clear and convincing evidence," treatment with the proposed medication is in J.W.'s best interest, and J.W. lacks the capacity to make a decision regarding administration of the medication. As a result, the trial court granted the application and rendered an order for administration of psychoactive medication to J.W. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

J.W.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In it, he states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), J.W's brief presents a chronological summation of the procedural history of the case and states that his counsel is unable to raise any arguable issues for appeal.[3] We likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), J.W.'s counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App.

---

[2] At the hearing, the trial court pronounced the term of J.W.'s commitment as a period "not to exceed [forty-five] days." However, a written order controls over a trial court's oral pronouncement when there is an inconsistency. *See **In re A.S.G.**,* 345 S.W.3d 443, 448 (Tex. App.–San Antonio 2011, no pet.).

[3] In compliance with *Kelly v. State*, J.W.'s counsel provided J.W. with a copy of the brief, notified J.W. of his motion to withdraw as counsel, informed J.W. of his right to file a pro se response, and took concrete measures to facilitate J.W.'s review of the appellate record. *See **Kelly v. State**,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). J.W. was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** J.W.'s counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, J.W.'s counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to J.W. and advise him of his right to file a petition for review. *Cf.* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should J.W. wish to seek review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review on his behalf or he must file a petition for review pro se. Any petition for review must be filed within forty-five days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 53.7. Any petition for review must be filed with the Texas Supreme Court. *See* TEX. R. APP. P. 53.1. Any petition for review should comply with the requirements of Texas Rule of Appellate Procedure 53.2. *Cf.* ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 19, 2018

### NO. 12-18-00077-CV

### THE STATE OF TEXAS FOR THE BEST
### INTEREST AND PROTECTION OF J. W.

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 42,336)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*