

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00651-CV

**IN THE INTEREST OF D.B., IV, B.N.B., AND T.L.S.**, Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02206
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: February 20, 2019

AFFIRMED; MOTION TO WITHDRAW DENIED

This is an accelerated appeal from an order terminating appellant Mother's parental rights to her three children, David, Beth, and Theo and appellant Father's parental rights to his child Theo.[1] In three issues on appeal, Father contends the trial court erred in signing the termination order because the order contains termination grounds that it did not orally render and challenges the legal and factual sufficiency of the evidence supporting the trial court's findings under Chapter 161 of the Texas Family Code. Mother's counsel filed an *Anders* brief and motion to withdraw. We affirm the trial court's termination order and deny counsel's motion to withdraw.

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the children by alias. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2). The children, D.B., IV, B.N.B., and T.L.S., are respectively referred to as David, Beth, and Theo in this opinion. Appellant Father is the presumed father of only Theo. The trial court's order also terminated the parental rights of David's and Beth's father, who does not appeal.

## BACKGROUND

Theo was born September 9, 2017, and spent the first seven weeks of his life hospitalized receiving treatment for drug withdrawal and complications arising from his mother's use of cocaine, methamphetamines, and amphetamines during her pregnancy. The Texas Department of Family and Protective Services ("Department") obtained an emergency temporary order naming it as temporary sole managing conservator with the right of possession of Theo and his two half-siblings, David and Beth. The half-siblings had been in the care of their maternal grandparents since they were very young. According to an affidavit filed by Department caseworker Dessica Gonzalez, because of Mother's recent drug use and Father's refusal to submit to a drug test, neither parent was appropriate to continue making medical decisions for Theo. Therefore, Theo was also placed with his maternal grandparents.

Thereafter, the Department filed a petition to terminate Father's and Mother's parental rights. The trial court held a bench trial at which Father and Mother both appeared in person. On September 10, 2018, the trial court signed an order terminating Father's parental rights to Theo and Mother's parental rights to David, Beth, and Theo.

## FATHER'S APPEAL

Father raises three issues on appeal. Father contends in his first issue that the trial court's order terminating his parental rights improperly includes grounds for termination that the trial court did not orally render. In his second issue, Father challenges the sufficiency of the evidence supporting the trial court's finding that termination of his parental rights was in the child's best interest. In his third issue, Father contends the evidence presented at trial is insufficient to negate the improper bases for termination included in Family Code section 161.001(c). We first address Father's challenge to the trial court's best interest finding.

**Best Interests**

*Standard of Review, Statutory Requirements, and Applicable Law*

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of two predicate grounds to terminate Father's parental rights.[2] The trial court also found termination of Father's parental rights was in the best interest of the child.

When reviewing the sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See* TEX. FAM. CODE ANN. § 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis.[3] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's

---

[2] The trial court found evidence Father "constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department … for not less than six months[;] … [and] failed to comply with the provisions of a court order …[.]" *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O).

[3] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

***Discussion***

The Department, through caseworker Rachel Lipsey, prepared a service plan for Father that included participating in substance abuse treatment, domestic violence classes as a victim, parenting classes, individual counseling, a psychological assessment, and random urinalyses. According to Lipsey, Father did not complete his service plan. Although Father re-enrolled in domestic violence classes, at the time of trial, he had not completed the classes. Also, although Lipsey referred Father to an individual counselor, Father never scheduled an initial appointment. Further, the record indicates Father was directed to submit to urinalysis five times, but only submitted to one urinalysis. *In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013) (evidence that the appellant failed to comply with the court-ordered service plan supported the trial court's best-interest determination). Lipsey additionally testified she received a police report of a domestic violence incident between Father and Mother that occurred on June 2, 2018, which Father denied. *In re A.H.*, No. 04–15–00416–CV, 2015 WL 7565569, at *9 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem. op.) (noting parent's decision to remain in an abusive or inappropriate relationship as a factor supporting the trial court's best-interest determination).

Lipsey testified she made repeated attempts to visit Father's home, which he shared with Mother, but was not able to find anyone at the residence. Lipsey could not confirm Father actually

lived at the residence. Lipsey requested Father provide documentation showing where he lived, but did not receive a response. Lipsey also could not confirm whether Father was employed because he did not respond to her requests for documentation of employment. *See In re J.R.W.*, 14-1200850-CV, 2013 WL 507325, at \*9 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, pet. denied) (noting that a trier of fact could infer from a parent's past behavior that "apparent apathy regarding [a] child's prescribed medications would continue" and that such evidence supports a finding termination is in the child's best interest).

Lipsey testified Father has not maintained significant contact with Theo. Father was initially given twice monthly visitation with Theo, which increased to weekly visitation in the hope that Father would become more involved with the child. Lipsey additionally affirmed that Father stated during a previous hearing that he wanted visits with Theo. Nevertheless, Father visited Theo only once. *See In re R.B.*, 200 S.W.3d 311, 316 (Tex. App.—Dallas 2006, pet. denied) (indicating that a parent's missed visits and late arrival to visits serve as an example of acts or omissions indicating termination is in the children's best interests).

Lipsey testified that Theo was doing very well in the care of his maternal grandparents. *See In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (factfinder may consider whether children have bonded with foster family and are well-cared for when children are too young to express their desires). Lipsey opined that terminating Father's and Mother's parental rights so that the grandparents could adopt Theo was in the child's best interest.

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Father's parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also*

*generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment).

Father's second issue on appeal is overruled.

### Alleged Inconsistency Between Written Order and Oral Rendition

In his first issue, Father contends the order terminating his parent-child relationship with Theo should be reversed because the written order contains grounds for termination that were not included in the trial court's oral rendition of judgment.

Following the close of evidence, the Department asked the trial court to terminate Father's parental rights "based upon (N) and (O) grounds." *See* TEX. FAM. CODE ANN. § 161.001(b)(1). The trial court stated, "I'm going to find by clear and convincing evidence, in the best interest of the child, to go ahead and terminate the parental rights of [Father to] the child, [Theo]." After also ordering that Mother's parental rights be terminated, the trial court stated, "and I'm going to do so on these—all terminations based on the grounds that the Department has requested." With regard to Father, those grounds were subsections N and O of Family Code section 161.001(b)(1), which are the grounds specifically noted in the written order of termination. Accordingly, no inconsistency exists between the court's oral pronouncement and the written order.

Further, this court has previously held that "[w]hen there is an inconsistency between a written judgment and an oral pronouncement of judgment, the written judgment controls." *In re A.C.*, No. 04-12-00679-CV, 2013 WL 352449, *2 (Tex. App.—San Antonio Jan. 30, 2013, pet. denied) (mem. op.); *see In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.) ("a written order controls over a trial court's oral pronouncement when there is an inconsistency"). The termination order properly recites the statutory grounds for terminating Father's parent-child relationship with Theo. Those grounds control over any alleged inconsistency with the court's oral rendition of judgment.

Father's first issue is overruled.

**Factors Prohibiting Termination: Family Code section 161.001(c)**

Father asserts in his final issue that the order of termination should be reversed because the Department did not prove that the court's finding of grounds for termination was *not* based on any of the factors contained in Family Code section 161.001(c). *See* TEX. FAM. CODE ANN. § 161.001(c). Section 161.001(c) prohibits a court from finding grounds for parental rights termination based on evidence that the parent (1) "homeschooled the child"; (2) "is economically disadvantaged"; (3) "has been charged with a nonviolent misdemeanor offense," with certain enumerated exceptions; (4) "provided or administered low-THC cannabis to a child for whom the low-THC cannabis was prescribed under Chapter 169, Occupations Code"; or (4) "declined immunization for the child for reasons of conscience, including a religious belief." *Id*.

The statute does not include language imposing on the Department any burden to provide such proof and Father cites no authority creating such a burden. In the absence of any authority to the contrary, we conclude the Department was not required to prove the trial court's finding of grounds for termination was *not* based on evidence of any of the circumstances listed in section 161.001(c).

We additionally note that section 161.001(c) prohibits a court from finding grounds for termination based on *evidence* of any of the listed circumstances. *Id.* Here, the record does not contain any evidence that Father homeschooled Theo, was economically disadvantaged, had been charged with a nonviolent misdemeanor, administered low-THC cannabis to Theo, or declined to have Theo immunized. Because there is no evidence of any of the prohibited circumstances for the trial court to have considered, the court could not have violated the statute.

Father's third issue is overruled.

**MOTHER'S APPEAL**

The trial court found four independent grounds[4] upon which to terminate Mother's rights and also found that termination was in the children's best interest. The trial court signed a termination order and designated the Department to be the children's permanent managing conservator.

Mother's court-appointed appellate attorney filed a brief in which he concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that he sent Mother a copy of the brief and a letter advising her of her rights to review the record and to file a pro se brief. Counsel also provided Mother a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order which set deadlines for Mother to request access to the record and to file a pro se brief and abating counsel's motion to withdraw. Mother did not request access to the appellate record or file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in the children's best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283

---

[4] Specifically, the trial court found evidence Mother

> constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department … for not less than six months [;] … failed to comply with the provisions of a court order[;] … used a controlled substance … in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance[;] … [and was] the cause of the children being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription … [.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P), (R).

S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to his client may be met by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27-28 & n.14.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order of termination, and we deny counsel's motion to withdraw.

Irene Rios, Justice